**In re AMERICAN GENERAL LIFE & ACCIDENT INSURANCE CO. RETIREE BENEFITS "ERISA" LITIGATION**

**No. MDL 1698.**

Judicial Panel on Multidistrict Litigation.

Aug. 17, 2005.

---

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

## TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of two actions each in the Middle District of Florida and Southern District of Georgia and one action each in the Northern District of Alabama, District of South Carolina, and Middle District of Tennessee as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by common defendant American General Life & Accident Insurance Co. (American General) for coordinated or consolidated pretrial proceedings of these actions in the District of South Carolina. Third-party defendants Jacob F. Bryan, IV, and Wilford C. Lyon, Jr., support the motion, but suggest the Middle District of Florida as transferee district. Plaintiffs in all seven actions oppose the motion for transfer. In the event the Panel determines that 1407 transfer is warranted, the plaintiffs in the Northern District of Alabama and Middle District of Tennessee actions would support transfer to the Northern District of Alabama or the Southern District of Georgia, while the plaintiffs in the five remaining actions would support transfer to the Middle District of Florida or the Southern District of Georgia.

On the basis of the papers filed and hearing session held, the Panel finds that these seven actions involve common questions of fact, and that centralization under Section 1407 in the Middle District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs in these actions assert similar claims for breach of fiduciary duty arising from alleged misrepresentations or omissions concerning the terminability of retiree life insurance benefits by American General. Centralization under Section

---

\* Judge Motz took no part in the decision of this matter.

1. In addition to the actions before the Panel, following the severance of plaintiffs' claims in the Northern District of Alabama and the refiling of those claims as separate actions, there are now 72 additional actions pending in the Northern District of Alabama. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

 We are persuaded that the Middle District of Florida is an appropriate transferee forum for this docket. This is the suggested transferee district in which i) Independent Life & Accident Insurance Company (Independent Life), which was acquired by and merged into American General, had its headquarters—relevant witnesses may be found there because the group life insurance plan at issue emanated from that company; and ii) hundreds of individual plaintiffs, former employees or beneficiaries of Independent Life, reside. Also, we are assigning this litigation to a judge with a caseload burden favorable to accepting this assignment and before whom two actions are currently pending.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Middle District of Florida are transferred to the Middle District of Florida and, with the consent of that court, assigned to the Honorable Henry Lee Adams, Jr., for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

### SCHEDULE A

*MDL–1698—In re American General Life & Accident Insurance Co. Retiree Benefits "ERISA" Litigation*

*Northern District of Alabama*
*Donnie Pope, et al. v. American General Life & Accident Insurance Co.*, C.A. No. 7:05–109

*Middle District of Florida*
*Eleanor M. Acres, et al. v. American General Life & Accident Insurance Co.*, C.A. No. 3:04–1274

*June Appling, et al. v. American General Life & Accident Insurance Co.*, C.A. No. 3:05–258

*Southern District of Georgia*
*Herschel A. Adair, et al. v. American General Life & Accident Insurance Co.*, C.A. No. 1:04–192
*Paul A. Flanigan v. American General Life & Accident Insurance Co.*, C.A. No. 1:05–51

*District of South Carolina*
*Raymond L. Addison, et al. v. American General Life & Accident Insurance Co.*, C.A. No. 3:04–23427

*Middle District of Tennessee*
*Rolly Edward Thompson, et al. v. American General Life & Accident Insurance Co.*, C.A. No. 3:05–228